[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14236
Non-Argument Calendar

_____

D. C. Docket No. 03-00603-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOLANCKE REID,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 1, 2008)**

Before TJOFLAT, BLACK and FAY, Circuit Judges.

PER CURIAM:

Jolancke Reid appeals his sentence of 12 months and 1 day of imprisonment imposed upon revocation of his supervised release. Reid argues that the Supreme Court has held that supervised release may be revoked for failure to pay restitution only if that failure was willful. Reid contends that the district court clearly erred in revoking his supervised release based on his failure to pay restitution because the court failed to make explicit findings that his failure to pay was willful. Reid asserts that the testimony presented at sentencing established that he was unable to pay restitution due to his limited income and his obligation to provide basic necessities for his family. Second, Reid argues that his sentence was unreasonable and was greater than necessary to satisfy the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Reid asserts that the advisory sentencing range for a technical violation of the conditions of his supervised release was three to nine months' imprisonment and argues that the district court improperly imposed a sentence three months and one day above the upper end of this range without considering the § 3553(a) factors.

For the reasons set forth more fully below, we affirm.

### I. Willful Failure to Pay Restitution

The district court's decision regarding revocation of supervised release is reviewed for abuse of discretion. United States v. Frazier, 26 F.3d 110, 112 (11th

2

Cir. 1994). The district court can revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . ." 18 U.S.C. 3583(e)(3). The district court's findings of fact with regard to violations of supervised release are binding unless clearly erroneous. United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993).

Pursuant to 18 U.S.C. § 3613A,

Upon a finding that the defendant is in default on a payment of a fine or restitution, the court may, pursuant to section 3565, revoke probation or a term of supervised release, . . . resentence a defendant pursuant to section 3614, . . . or take any other action necessary to obtain compliance with the order of a fine or restitution.

In determining what action to take, the court shall consider the defendant's employment status, earning ability, financial resources, the willfulness in failing to comply with the fine or restitution order, and any other circumstances that may have a bearing on the defendant's ability or failure to comply with the order of a fine or restitution.

18 U.S.C. § 3613A(a)(1), (2) (subsections omitted).

In revocation proceedings for failure to pay restitution, the court must find the defendant's failure to pay was willful, i.e., the defendant had the means or ability to pay a fine or restitution as ordered and purposefully did not do so. See Bearden v. Georgia, 461 U.S. 660, 668, 103 S.Ct. 2064, 2070, 76 L.Ed.2d 221 (1983). The government may establish willful failure to pay by producing evidence the defendant had funds available to pay restitution and did not do so.

3

See United States v. Boswell, 605 F.2d 171, 175 (5th Cir. 1979). "[A defendant's] failure to make sufficient bona fide efforts to seek employment or borrow money in order to pay the fine or restitution may reflect an insufficient concern for paying the debt he owes to society for his crime," and in such a situation, "the State is likewise justified in revoking probation and using imprisonment as an appropriate penalty for the offense." Bearden, 461 U.S. at 668, 103 S.Ct. at 2070. We determined, in United States v. Satterfield, 743 F.2d 827, 842 (11th Cir. 1984), that, under Bearden, a district court must consider two threshold criteria in revocation hearings. The court must first consider whether the defendant has made sufficient efforts to pay. Id. If a defendant has made sufficient efforts and still cannot comply with the terms of his probation, the district court must determine whether imprisonment or an alternative is an appropriate punishment. Id.

As an initial matter, although the district court did not explicitly find that Reid's behavior was willful, it did find that he "ignored his obligations" and had been unwilling to follow the court's instructions. Thus, the district court implicitly found that Reid's conduct was willful. See Bearden, 461 U.S. at 668, 103 S.Ct. at 2070. In determining that Reid's supervised release should be revoked, the district court considered Reid's employment, his access to other financial resources and assets that could be sold, and his failure to make any effort to satisfy his restitution

4

obligation after the first revocation hearing. Therefore, the record indicates that the district court properly considered the § 3613A factors. 18 U.S.C. § 3613A.

The record also shows that Reid admitted that he did not make restitution payments as ordered. Although he asserted that he was unable to make restitution payments because of other expenses related to the maintenance of his home and his car, the record indicates that Reid did not contact his probation officer to discuss his financial difficulties and request a different payment schedule. Reid could have petitioned the court for a modification of his restitution payment schedule pursuant to 18 U.S.C. § 3664(k). The record further indicates that Reid submitted false monthly reports to the probation office, which indicated that he had been making restitution payments and that he did not have any expenses over $500. In light of the foregoing, the district court did not clearly err in implicitly finding that Reid did not make sufficient efforts to pay and willfully failed to pay restitution. Accordingly, it did not abuse its discretion in revoking his supervised release. See Boswell, 605 F.2d at 175.

## II. Reasonableness of Reid's Sentence

A district court's decision to exceed the advisory sentencing range in Chapter 7 of the Sentencing Guidelines, U.S.S.G. § 7B1.4, is reviewed for an abuse of discretion. United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006). We

review the sentence imposed upon the revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006).

Section 3583 of Title 18 provides that a district court may revoke a term of supervised release and impose a sentence of imprisonment for the violation after considering factors set forth in 18 U.S.C. § 3553(a). Sweeting, 437 F.3d at 1107. Section 3553(a) provides that district courts imposing a sentence must first consider, inter alia, (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and (4) the kinds of sentences and sentencing range established by the Guidelines, and in the case of a violation of supervised release, the applicable Guidelines or policy statements issued by the Sentencing Commission. Id. The term imposed cannot exceed the statutory maximum. Id.

For a Class B felony, the district court may not sentence a defendant for more than three years' imprisonment. 18 U.S.C. § 3583(e)(3). Chapter 7 of the Sentencing Guidelines recommends a sentencing range of 3 to 9 months for a Grade C violation of supervised release when the defendant has a criminal history category of I. U.S.S.G. § 7B1.4. We have consistently held that the policy

6

statements of Chapter 7 are merely advisory and not binding. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).

To the extent that Reid argues that his sentence is unreasonable because the district court failed to properly consider the § 3553(a) factors, the district court's comments at the revocation hearing indicated that it considered those factors, particularly the nature and seriousness of the underlying offense, the need to provide just punishment, and the need to promote respect for the law in imposing a sentence above the advisory guideline range. The district court may determine the weight to be afforded any given § 3553(a) factor. See United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007).

Specifically, the court found that Reid's failure to pay restitution was a serious violation in light of the amount of money he embezzled, which exceeded $200,000. The court noted that Reid was granted a second opportunity to comply with the conditions of his release, but determined that he ignored his obligations and continued to violate those conditions by failing to pay restitution and by failing to report to his probation officer. In light of Reid's conduct while on supervised release, including his willful failure to pay restitution, he failed to satisfy his burden to show that sentence was unreasonable, and the district court did not abuse its discretion in imposing a sentence that exceeded the advisory guideline range.

See Sweeting, 437 F.3d at 1107.

In light of the foregoing, the revocation of Reid's supervised release and the sentence imposed by the district court are

**AFFIRMED.**